HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD W. COLLIER, SR.,

    Plaintiff,

v.

BOB BROWN and VAL WEST, of P.A.W.S. Grays Harbor County,

    Defendants.

Case No. C06-5271 RBL

ORDER

INTRODUCTION

This matter comes before the Court on plaintiff's response to the Court's Order to Show Cause that the Court has jurisdiction over this action. For the reasons set forth below, plaintiff's claim is dismissed for lack of jurisdiction.

BACKGROUND

Plaintiff Donald Collier owned a dog named Soulfly. On an unknown date, Soulfly was apparently picked up by a stranger and turned in to the Grays Harbor P.A.W.S. Chapter. See Exhibit to Plaintiff's Complaint, Dkt. #1 at 14 (Animal Release Form). Somehow, Mr. Collier was notified that P.A.W.S. had possession of the dog, and he went to retrieve him within twelve hours. Plaintiff's Amended Complaint, Dkt. #2. Unfortunately, prior to Mr. Collier's arrival, Soulfly was destroyed. He filed this action against


Bob Brown and Val West, apparently employees of P.A.W.S. Grays Harbor County, and included P.A.W.S. as a defendant in his amended complaint.

On July 7, 2006, the Court issued a show cause order to the plaintiff, requiring him to demonstrate how this court has jurisdiction over this matter.  Mr. Collier responded by claiming, essentially, that defendant Bob Brown, an employee of P.A.W.S. and P.A.W.S. itself, are subject to the Federal Animal Welfare Act, Pub. L. 89-544, codified at 7 U.S.C. § 2131 et. seq.

DISCUSSION

As an initial matter, Mr. Collier is appearing pro se.  Courts in this Circuit have long held that, particularly where a pro se petitioner is facing dismissal, the court will construe his or her pleadings liberally. *See Balistreri v. Pacifica Police Dept*. 901 F.2d 696, 699 (9th Cir. 1990); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se. . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.")  The court is aware of and has applied this rule of liberality.

The Court is extremely sympathetic to Mr. Collier.  The loss of a pet is always traumatic, particularly when the pet is as young as Soulfly was.  However, the statute of which Mr. Collier attempts to avail himself, the Federal Animal Welfare Act, does not appear to apply to P.A.W.S., in that he has not alleged that P.A.W.S. acts as an animal dealer for purposes of research or experimentation.  Further, in examining the definition section at 7 U.S.C. § 2132, P.A.W.S. does not meet the definition of a "dealer." P.A.W.S. is not an entity that uses dogs or cats in research, tests or experiments, nor do they purchase dogs or cats or receive grants from the United States to conduct research, tests or experiments.  It is those dealers which are the focus of the Federal Animal Welfare Act.  As a result, P.A.W.S. is not bound by this statute, and Mr. Collier has not made a claim for relief that this Court can hear.

P.A.W.S. is required to keep all animals in its shelter for a minimum of 72 hours prior to humanely euthanizing them, unless the animal poses a danger to handlers. RCW 6.04.180, 6.04.190. However, as there is no diversity among the parties, and the federal statute under which Mr. Collier brings this action does not apply to P.A.W.S., this Court does not have jurisdiction over these claims.

Therefore, plaintiff's claims are DISMISSED.

## CONCLUSION

The Court sympathizes with Mr. Collier's loss. However, the Court does not have jurisdiction over his claims, and his case is therefore DISMISSED. Plaintiff's motion to proceed *in forma pauperis* is also DENIED.

Dated this 13th day of December, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE